FILED & ENTERED

JUL 01 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jeanmari DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | Case No.: 6:11-bk-10793-DS |
| Golden Chain, Inc. | Adversary No.: 6:11-ap-01642-DS |
| Debtor. | Chapter: 11 |
| Golden Chain, Inc., Plaintiff, v. Alta Gold Co., et al., Defendants. | **MEMORANDUM DECISION RE MOTION TO DISMISS**<br><br>Date: June 23, 2011<br>Time: 8:30 a.m.<br>Location: Courtroom 304, 3420 Twelfth Street, Riverside, CA 92501 |

At the above referenced date and time, the court held a hearing in the above captioned case on the "Motion to Dismiss Golden Chain, Inc.'s Complaint or in the Alternative, Stay Proceedings" filed by Target Minerals, Inc., Mitchell Fanning, Danell Fanning, Jeffrey Jones and Jeremy Jones dba Babe Mines (collectively, "Babe Mines") on May 20, 2011 (the "Motion," Docket #7). Golden Chain, Inc. (the "Debtor" or "Plaintiff") opposes the Motion. Thomas J. Polis of Polis & Associates and Stephen T. Cummings of the Law Offices of Stephen T. Cummings appeared on behalf of the Plaintiff. Timothy Lukas and Alex Flangas of Holland & Hart LLP appeared on behalf of Babe Mines. Sara L. Chenetz of Blank Rome LLP and John Murtha of Woodburn and Wedge appeared on

behalf of Angeline Clark, as receiver for Alta Gold Co. All other appearances were entered on the record. After the hearing on June 23, 2011, the court took the matter under advisement. Having considered the Motion and related pleadings, the record in this case and the arguments of counsel at the hearing, the court makes the following findings of fact and conclusions of law[1] pursuant to Federal Rule of Civil Procedure 52(a)(1), [2] as incorporated by Federal Rule of Bankruptcy Procedure 7052.

**I. INTRODUCTION**

The Debtor commenced its chapter 11 case on January 10, 2011 and then filed on February 17, 2011 a motion seeking approval of the sale of certain real property and/or leasehold mining interests (defined in the Debtor's motion as the "Debtor's Mining Interests"). Babe Mines objected to the proposed sale, asserting that the Debtor did not own the property it sought to sell. For more than ten years, the Debtor, the defendants named in this proceeding, and other parties have been involved in litigation in Nevada state court concerning ownership of the mining claims that comprise what the Debtor refers to as the Debtor's Mining Interests.[3]

After the parties submitted briefing and appeared at a hearing, the court denied the Debtor's sale motion based on the disputes regarding ownership of the mining claims. The court also remanded, after briefing and a hearing, the two pending Nevada state court actions regarding the mining claims which the Debtor had removed to this court (Case Nos. CV09-01904 and CV02-01281; collectively, the "Nevada State Court Litigation"). The court then granted relief from the automatic stay to permit the Nevada State Court Litigation to proceed.

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 and all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP") which make applicable certain Federal Rules of Civil Procedure ("FRCP").

[3] During the first few months of the Debtor's chapter 11 case, the parties filed a number of motions and the court held several hearings where evidence was submitted regarding the disputes surrounding the mining claims and related issues, including Babe Mines' motion to dismiss the Debtor's chapter 11 case and motion to transfer venue. These motions were denied.

As the Debtor advised the court and Babe Mines, after these orders were entered in the Debtor's chapter 11 case, the Debtor commenced this adversary proceeding on April 19, 2011 by filing the "Complaint to Quiet Title, Adverse Possession, & Declaratory Relief Re: That Debtor's Mining Properties Are Property of the Bankruptcy Estate Under Section 541 of the Bankruptcy Code" (the "Complaint"). Babe Mines filed the Motion on May 20, 2011, requesting that this court either dismiss the Complaint under principles of res judicata or collateral estoppel based on prior rulings of the U.S. Bankruptcy Court for the District of Nevada and Nevada state court,[4] or abstain from hearing this proceeding pursuant to 28 U.S.C. § 1334 pending resolution of the Nevada State Court Litigation.

The court does not address the request to dismiss this case but grants the request to abstain from hearing this proceeding pending resolution of the pending Nevada State Court Litigation, as discussed below.

## II. DISCUSSION

Bankruptcy courts may abstain from hearing particular proceedings arising out of or related to a bankruptcy case "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).[5] In the Ninth Circuit, courts consider several factors when determining whether discretionary abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on bankruptcy court's docket; (10) the likelihood that the commencement of the

---

[4] The Motion also referenced dismissal pursuant to Fed. R. Civ. P. 12(b)(6), but at the hearing, counsel for Babe Mines stated that the primary grounds for dismissal were res judicata and collateral estoppel.

[5] Section 1334 provides, in relevant part:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

> proceeding in bankruptcy court involves forum shopping by one of the parties; (11) existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990) (*citing In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)); *see also In re Eastport Assocs.*, 935 F.2d 1071, 1075-1076 (9th Cir. 1991); *In re Lazar*, 200 B.R. 358, 372 (Bankr. C.D. Cal. 1996). Ultimately, the decision regarding abstention involves balancing a variety of factors and is a matter within the court's discretion. *Eastport Assocs.*, 935 F.2d at 1079.

The court has reviewed the factors set forth in *Tucson Estates* and concludes that in this case the relevant factors weigh heavily in favor of discretionary abstention. Most notably, there is pending litigation – the Nevada State Court Litigation – which, when concluded, will resolve all or a significant portion of the issues raised in the Complaint. The litigation has already progressed considerably in the state court. Further, Nevada state courts are well suited to determine ownership of the mining claims under Nevada law and the other issues of Nevada law raised in the Complaint. In the interest of justice, respect for Nevada law, efficiency, and judicial economy, this adversary proceeding should not go forward until resolution of the Nevada State Court Litigation.

## III. CONCLUSION

For the reasons stated, the court finds that abstention is appropriate under 28 U.S.C. § 1334(c)(1). This court will abstain from hearing the above captioned adversary proceeding.

Babe Mines shall submit a proposed judgment consistent with this memorandum.

###

DATED: July 1, 2011

United States Bankruptcy Judge

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **MEMORANDUM DECISION RE MOTION TO DISMISS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **7/1/11**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Stephen T Cummings stclaw@sbcglobal.net
- Benjamin R King bking@loeb.com, kpresson@loeb.com
- Timothy A Lukas ecflukast@hollandhart.com
- Thomas J Polis tom@polis-law.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Golden Chain, Inc.
POB 490
Winchester, CA 92596

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page